UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TINA M. HOLLINGSWORTH, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:13-cv-01699-TWP-DML<br>) |
| CAROLYN W. COLVIN Acting<br>Commissioner of the Social Security<br>Administration, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Tina Hollingsworth ("Ms. Hollingsworth") appeals the decision of the Administrative Law Judge ("ALJ") dated July 24, 2012, following a hearing held on May 8, 2012, that denied her application for benefits. That denial was upheld by the Appeals Council, who affirmed the ALJ's denial decision on September 17, 2013. Because the procedures in this case reveal errors that require **REMAND**, the Court will not provide here a full explication of the record but will focus on the facts demonstrating error.

### I.  BACKGROUND

Because the May 8, 2012 hearing was actually the third hearing Ms. Hollingsworth had on her application, an abbreviated but thorough procedural history is necessary. Ms. Hollingsworth first filed applications for Social Security Disability Insurance benefits and for Social Security Supplemental Security disability benefits on October 20, 2009. Her claim for benefits was first heard by ALJ John Murdock on March 7, 2011, after which he found at step two that Ms. Hollingsworth has the severe impairments of COPD and migraine headaches.[1] ALJ Murdock

---

[1] ALJ Murdock found that several other impairments noted by Ms. Hollingsworth were not severe.

further found, however, that she did not meet a Listing at step three and, at step four, that her impairments do not preclude her past relevant work. He thus denied her claim for benefits. The Appeals Council remanded, however, directing on remand that the ALJ:

- In evaluating the evidence at step 4 of the sequential process, compare the physical demands of the claimant's past relevant work with her maximum residual functional capacity (Social Security Rulings 82-61 and 82-62).

- Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rulings 83-12 and 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy.… Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any apparent conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

R. 114-15.

A different ALJ, Monica LaPolt, was assigned the case on remand. Ms. Hollingsworth appeared, without counsel, for hearing on February 9, 2012. ALJ LaPolt advised Ms. Hollingsworth, among other things, as follows:

> ALJ: All right, you had a VTC hearing with a different judge, and he denied your benefits. You appealed to the Appeals Council, which is our reviewing body; and they remanded it for further development of your work history. I understand second-hand from Ms. Koppin, that you wanted to have an opportunity to seek an attorney, is that right?

R. 60.

ALJ LaPolt went on to advise Ms. Hollingsworth of her right to be represented by an attorney, that an attorney could assist her in gathering and presenting evidence and argument, and that some attorneys will represent individuals for free or on a contingency basis. (R. 61.)

2

Having been advised by Ms. Hollingsworth that she did wish to secure counsel, the ALJ LaPolt explained:

> ALJ: Okay. If you do wish to be represented, my office will grant you one postponement to seek representation. However, you do need to understand that only one postponement will be granted for this purpose. And that when your hearing is rescheduled you'll have to proceed with the hearing even if you do not have a representative.
> ….
> ALJ: Okay. All right. I'm going to give you this postponement. And what it says basically is that we've discussed these rights and that you understand that I will give you at least 30 days to seek an attorney, and that if you come back without one we're going forward.

R. 62.

A hearing (the third) was then rescheduled for May 8, 2012. Ms. Hollingsworth appeared without counsel. ALJ LaPolt reiterated her limits on the postponement she was willing to provide to allow Ms. Hollingsworth to secure counsel and directed that if Ms. Hollingsworth wished to proceed she would have to sign a waiver. Ms. Hollingsworth complied. After the hearing had begun, ALJ LaPolt stated:

> Q. And the Appeals Council stated that the judge had – had made an error because he had found that work that you had previously done was not what we call past relevant work. That it didn't – you hadn't made enough of it for a long enough period of time for you to be returned to that work. And so they remanded the decision to set down – reevaluate work, but what they really do is they wind up opening the whole case. It's not just that issue.

R. 78.

The ALJ then put a series of questions to Ms. Hollingsworth related primarily to her daily activities, medications, and psychiatric history. (*See* R. 78-83.) The ALJ questioned Ms. Hollingsworth briefly about her COPD and migraines, focusing on the improvement in symptoms Ms. Hollingsworth experienced after she stopped smoking. (R. 84-85.) With respect to her migraines, Ms. Hollingsworth testified that after she quit smoking, her migraines decreased to once

3

or twice a week, and, depending on how quickly she caught them, lasted from one day to multiple days. (R. 85.) The ALJ, given this information, asked no follow-up questions about migraines or COPD and asked no questions about their effect on her prior work.

The ALJ did not inquire further about Ms. Hollingsworth's past relevant work, nor did she formulate a residual functional capacity or consult with a vocational expert. Rather, she determined in her July 24, 2012 written opinion that Ms. Hollingsworth has *no* severe impairments, thus denying her claim for benefits at step two. She thus did not address the matters identified by the Appeals Council for remand or the matters that she identified to Ms. Hollingsworth at the February 9, 2012 hearing.

## II. DISCUSSION

### A. Under these circumstances, the ALJ did not ensure that Ms. Hollingsworth made an informed choice to waive the right to counsel.

The Seventh Circuit has held that when a claimant appears for hearing without counsel, the ALJ must thoroughly advise the claimant of the manner in which an attorney can aid in the proceeding, the possibility of free counsel or contingency arrangements, and limits on fee awards. *Thompson v. Sullivan,* 933 F.2d 581, 584 (7th Cir. 1991). *See also Binion v. Shalala,* 13 F.3d 243 (7th Cir. 1994). The ALJ must ensure that the claimant makes an *informed* choice to waive the right to counsel. *See id.*

On appeal, Ms. Hollingsworth asserts that ALJ Murdock's comments to her at her first hearing in 2011 about counsel, did not produce an informed choice to waive her right to counsel. That may be true, but it is irrelevant here. She also argues on appeal that ALJ LaPolt's explanation to her of her right to counsel was prejudicially misleading in two ways. First, she maintains that the ALJ advised her that no circumstances would warrant another postponement of the hearing, which was not appropriate because it led Ms. Hollingsworth to believe that even a circumstance

4

as serious as hospitalization would not entitle her to a postponement. However, the Court fails to see how this hypothetical circumstance could have affected Ms. Hollingsworth, as there is no suggestion of any such circumstance affecting Ms. Hollingsworth. Second, Ms. Hollingsworth finds fault in the ALJ advising her that she need not contact certain organizations when seeking legal assistance because those organizations do not assist claimants "where there would be a back pay award, okay?" (R. 61). Ms. Hollingsworth complains this advice was wrong because "there was no back pay award in this case because the ALJ denied her claim." (Reply, Dkt. 23 at p. 4.) That is simply nonsensical. There is, of course, never any award before a hearing. The only reasonable understanding of this comment is that certain organizations will not provide assistance when a back pay award is available. There is no suggestion the ALJ's statement in this regard was wrong or misleading.

Nevertheless, the Court finds that Ms. Hollingsworth's waiver was not properly informed. At the originally-scheduled hearing with ALJ LaPolt, Ms. Hollingsworth was advised that the purpose of the hearing was "further development of [her] work history" (R. 60). Ms. Hollingsworth therefore may have concluded that she could get by without an attorney if the subject of the hearing was limited to an inquiry into her past work history.[2] But after she signed the waiver, and when the May 8, 2012 hearing proceeded, that was not the subject at all. Rather, the ALJ explained that it was "not just that issue," and that she was "opening the whole case." (R. 78.)

---

[2] The Court notes that Ms. Hollingsworth said at the May 8, 2012 hearing that she had made some effort to obtain counsel: she checked with a law firm and a bar association. This fact does not make the misleading nature of the ALJ's February 9, 2012 statements irrelevant, though. Having been led to think the May 8, 2012 hearing was addressed to her prior work history, she could have curtailed her efforts to secure counsel.

5

The totality of these circumstances demonstrates that the ALJ's explanations to Ms. Hollingsworth regarding the manner in which an attorney can assist a claimant were not appropriate to enable an informed waiver.

**B.     The ALJ did not satisfy her heightened duty to develop the record fully.**

An invalid waiver, standing alone, does not require remand. But it does shift to the ALJ a heightened duty to ensure that the administrative record is fully developed and to the Commissioner on appeal to show that it was. *See Binion,* 13 F.3d at 245. The ALJ's heightened duty was not met here.[3] First, the ALJ's questioning of Ms. Hollingsworth on the effects of her COPD and migraines (impairments ALJ Murdock had concluded were severe) was quite cursory, as was her treatment of those impairments in her decision. For example, the ALJ asked no follow-up questions when Ms. Hollingsworth testified that, even after the frequency of her migraines decreased when she quit smoking, they still debilitated her several days per month. (R. 84-85.)

Second, and related to this lack of full development of the record, the ALJ provided virtually no explanation for her conclusion that Ms. Hollingsworth's COPD and migraines were not severe impairments. The step two determination of severity is "merely a threshold requirement," and if the limitations and restrictions caused by the claimant's symptoms cause "more than a minimal effect on an individual's ability to do basic work activities, the [ALJ] must find that the impairment(s) is severe *and proceed to the next step in the process* even if the objective medical evidence would not in itself establish that the impairment(s) is severe." *Curvin v. Colvin,* 2015 WL 542847 *4-5 (7th Cir. Feb. 11, 2015) (quotations and citations omitted; emphasis by the Seventh Circuit).

---

[3] The Court does not, however, fault the Commissioner, because she could respond only to the claimant's scattershot, inaccurate, and undeveloped arguments on appeal.

6

Perhaps the ALJ did not believe Ms. Hollingsworth's testimony about the limitations and restrictions imposed by her impairments. In this regard, the ALJ's opinion says only this:

> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that the claimant has no severe impairment or combination of impairments for the reasons explained below.

R. 18.

This credibility analysis is not only cursory, it is backwards, as the Seventh Circuit has repeatedly warned. An ALJ must make her disability analysis consistent with the testimony she finds credible, not the other way around. *See, e.g.*, *Bjornson v. Astrue*, 671 F.3d 640, 645-46 (7th Cir. 2012).

## **CONCLUSION**

The ALJ's failure to advise Ms. Hollingsworth properly regarding her right to counsel, coupled with her failure to develop the record fully and then to analyze properly the severity of Ms. Hollingsworth's impairments, requires remand. Accordingly, this matter is **REVERSED AND REMANDED** to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

Date: 3/25/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick H. Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
Tom.kieper@usdoj.gov