UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TINA M. HOLLINGSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01699-TWP-DML |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON APPLICATION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff Tina M. Hollingsworth's ("Ms. Hollingsworth") Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Filing No. 25). In 2009, Ms. Hollingsworth filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income for her impairments of bipolar disorder, COPD, and migraine headaches. Her applications were denied initially, on reconsideration, and again by an Administrative Law Judge ("ALJ"). The Appeals Council denied Ms. Hollingsworth's request for review. Ms. Hollingsworth then appealed to this Court for judicial review on October 23, 2013.

Upon review, this Court reversed the Commissioner's decision and remanded the case to the ALJ for further proceedings, thereby rendering Ms. Hollingsworth the prevailing party for purposes of the EAJA (Filing No. 24). Ms. Hollingsworth's Application for EAJA fees followed. The Commissioner contests the EAJA Application, asserting that it does not comply with the EAJA's requirements (Filing No. 29). For the following reasons, Ms. Hollingsworth's Application for Attorney Fees under the EAJA is **DENIED**.

## I.     Discussion

The EAJA provides that a successful litigant against the federal government is entitled to recover attorney fees if: (1) they were a "prevailing party;" (2) the government's position was not "substantially justified;" (3) there existed no special circumstances that would make an award unjust; and (4) they timely filed an application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The prevailing party's application must be timely filed and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). District courts have discretion to adjust the fee award or to deny fees when there are "special circumstances that would make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Ms. Hollingsworth seeks an award for 18.75 hours of attorney time at the adjusted rate of $186.03 per hour, for a total of $3,488.06. The Commissioner objects to Ms. Hollingsworth's request, arguing that counsel for Ms. Hollingsworth, Patrick Mulvany ("Mr. Mulvany"), failed to comply with the EAJA's requirement that attorneys provide itemized statements showing "actual time" expended on the case. The Commissioner asserts that Mr. Mulvany simply has estimated the time expended on specific tasks in the case; thus, his fee request and supporting records do not state the actual time expended.

In several cases before the courts in the Southern District of Indiana,[1] Mr. Mulvany has filed EAJA fee applications with supporting documents that were found to be inadequate to award fees under the EAJA because those documents provided estimates of time expended instead of actual time expended on the case. In many cases, the courts provided Mr. Mulvany an opportunity to cure the defect found in the supporting records. In one case, this Court provided Mr. Mulvany the opportunity to cure the defect in his application. *See Moore v. Colvin*, No. 1:11-cv-00247-TWP-MJD, 2013 U.S. Dist. LEXIS 147631, at *3–4 (S.D. Ind. Oct. 1, 2013). Time and again, the courts in this District have directed Mr. Mulvany to discontinue his practice of estimating his time based on an average amount of time to complete tasks and to begin keeping contemporaneous time records in order to comply with the requirement of the EAJA to provide itemized records of actual time expended in cases.

Mr. Mulvany argues, as he has in the past, that keeping contemporaneous time records is not required by the EAJA. As he has done in previous cases, Mr. Mulvany relies on *Cohen v. Brown*, 8 Vet. App. 5 (Vet. App. 1995) for his argument. Concerning Mr. Mulvany's argument and reliance on *Cohen*, this Court explained:

> [T]he Court of Veterans Claims held that the EAJA's requirement that attorneys submit "an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed," 28 U.S.C. § 2412(d)(1)(B), was not a statutory requirement for the submission of contemporaneously prepared time sheets. "Rather," the court found, "the relevant question is whether an attorney's itemized statement provides sufficient detail to permit a determination regarding the reasonableness of the fees claimed." *Cohen*, 8 Vet. App. at 8. Mr. Mulvany's reliance on *Cohen* is unavailing. This Court and others have determined that Mr. Mulvany's requests for fees failed to meet the EAJA's requirement of an itemized statement showing *actual time expended*. Mr. Mulvany has admitted to other courts that he does not keep records of actual time.

---

[1] See for example, cause numbers 1:11-cv-00243-WTL-TAB, 1:11-cv-01233-WTL-TAB, 1:11-cv-00247-TWP-MJD, 1:04-cv-00952-SEB-TAB, 1:11-cv-00160-SEB-DML, 1:11-cv-00242-SEB-MJD, 1:11-cv-00249-SEB-DKL, and 1:14-cv-01311-TWP-DKL.

*Moore*, 2013 U.S. Dist. LEXIS 147631, at *3–4. Mr. Mulvany's identical argument and continued reliance on *Cohen* is still unavailing. This Court and others have found that Mr. Mulvany consistently refuses to comply with the direction from the Court and to meet the EAJA's requirement of an itemized statement showing actual time expended; instead, he insists on providing estimates of time based on average time computations and relying on his old argument that the EAJA does not statutorily require contemporaneous time records. Mr. Mulvany consistently has been admonished to contemporaneously record his actual time.

Under 28 U.S.C. § 2412(d)(1)(A), district courts are left with the discretion to decide when fees should be denied because of "special circumstances that would make an award of fees unjust." As noted above, Mr. Mulvany previously has admitted that he does not keep records of actual time and instead estimates his time spent on tasks based on average limits for those tasks. In this case, the Commissioner filed documentation showing that Mr. Mulvany's fee request and "time spent" on various tasks in this case are identical to the "time spent" in Mr. Mulvany's numerous other Social Security cases, thereby showing that Mr. Mulvany continues to estimate his time instead of providing the Court with actual time expended in these cases ([Filing No. 29-1](Filing No. 29-1)). In his reply brief, counsel does not claim that the time submitted to the Court is in reality the actual time expended on this case. He also did not submit documents verifying the actual time expended. Instead, he asserted that his time is reasonable because it fell within the average limits of time expended on similar tasks in similar cases. The circumstances of this case—the refusal to submit documentation of actual time expended in this case—are special circumstances that make an award of attorney fees unjust.

## II.     Conclusion

For the foregoing reasons, Ms. Hollingsworth's Application for Attorney Fees under the Equal Access to Justice Act is **DENIED** (Filing No. 25).

**SO ORDERED.**

Date: 12/10/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick H. Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov